THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>ALAN GOMEZ-MARENTES, *et al.*,<br><br>    Defendants. | CASE NO. CR20-0092-JCC<br><br>ORDER |

This matter comes before the Court on the Government's motion to continue the trial date (Dkt. No. 223) and its motion for leave to file a late reply (Dkt. No. 260). This case involves multiple defendants charged with a variety of crimes relating to an alleged conspiracy to distribute controlled substances. (*See generally* Dkt. No. 153.) According to the Government, charges stem from a multi-agency federal, state, and local law enforcement investigation into a drug trafficking organization spanning King, Pierce, and Kitsap counties. (Dkt. No. 223 at 3.) The investigation took 18 months and resulted in "thousands of hours of physical and electronic surveillance . . . numerous tracking and search warrants" and intercepts on 21 separate target telephones. (*Id.*).

The Government moves to continue the trial date from September 21, 2020 to a date no

earlier than September 2021. (Dkt. No. 223.) It cites voluminous discovery[1] as a basis to continue. (Dkt. No. 223.)

> "The wiretap pleadings alone amount to more than 2,500 pages of material. Additional discovery—consisting of thousands of pages of pen register/tracking affidavits (and data obtained therefrom), line sheets from the wiretaps, law enforcement reports, audio/video recordings of controlled buys, thousands of hours of mounted surveillance camera footage, and more—is forthcoming. The United States will also be producing audio of the intercepted telephone calls, the majority of which are in the Spanish language."

(*Id.* at 3.)

Through counsel, Defendants Luis Arturo Magana-Ramirez and Jose Daniel Espinoza, who are detained pending trial, filed responses opposing the Government's motion, citing concerns over COVID-19 within the detention facility. (Dkt. Nos. 249, 251.) Counsel for Defendant Adrian Sims also filed a response opposing the Government's motion on her client's behalf but noted that "(u)ndersigned counsel believes that additional time is necessary to prepare for trial and provide effective assistance of counsel." (Dkt. No. 263.) The remaining defendants have not responded to the Government's motion, although four—Adrian Izazaga-Martinez, Ruth Melisa Gomez-Marentes, Luis Arturo Magana-Ramirez, and Jorge Mondragon—have filed speedy trial waivers through October 2021. The Government filed a late reply to Defendants' responses in opposition (Dkt. No. 261), seeking leave from the Court to do so (Dkt No. 260).

While the Government does not cite the impact of the COVID-19 pandemic on counsel's ability to adequately review discovery and effectively engage in trial preparation, the Court cannot ignore this reality. *See* W.D. Wash. Gen. Orders Nos. 02-20, 13-20.

Accordingly, the Court FINDS as follows:

1. The failure to grant a continuance would result in a miscarriage of justice within the meaning of 18 U.S.C. § 3161(h)(7)(B)(i).
2. This is a complex case due to the number of defendants and corresponding volume of

---

[1] Defendants sought, and the Court appointed, a coordinating discovery attorney in this matter. (Dkt. No. 271.)

discovery to be provided and it is unreasonable to expect adequate preparation for pretrial proceedings or trial as those dates are currently set, within the meaning of 18 U.S.C. § 3161(h)(7)(B)(ii).

3. The failure to grant a continuance would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence, within the meaning of 18 U.S.C. § 3161(h)(7)(B)(iv).

4. The ends of justice, as described in 18 U.S.C. § 3161(h)(7)(A), would require a continuance, as it is necessary to ensure adequate time for case preparation, and this outweighs the best interests of the public and the defendants in the need for a speedy trial.

5. The period of delay for the defendants opposing a continuance is reasonable. *See* 18 U.S.C. § 3161(h)(6).

For the foregoing reasons, the Court GRANTS the Government's motion to continue the trial (Dkt. No. 223) and its motion for leave to file a late reply (Dkt. No. 260). The trial date is hereby CONTINUED to October 4, 2021, at 9:30 a.m. The Court further ORDERS that the time between the date this order is issued and the new trial date is excludable time under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(7)(A), 3161(h)(7)(B)(i), 3161(h)(7)(B)(ii), and 3161(h)(7)(B)(iv). The Court DIRECTS the parties to file pretrial motions no less than sixty days prior to the trial date.

DATED this 17th day of September 2020.

John C. Coughenour
UNITED STATES DISTRICT JUDGE