UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>ALAN GOMEZ MARENTES,<br><br>    Defendant. | CASE NO. CR20-092 JCC<br><br>ORDER DENYING REQUEST TO REOPEN DETENTION ORDER |

This matter comes before the Court on Defendant's motion to reopen his detention hearing. Dkt. 494. Defendant waived a detention hearing at the time of his arrest and has been detained pending trial. Dkt. 131. He now seeks a detention hearing, asking the Court to consider allegedly new facts relating to his medical condition. Dkt. 494 at 3–4. Defendant admits that his medical condition was known at the time he waived his right to a detention hearing, but argues that he was not aware of an alleged deficiency in the medical treatment he would receive while detained, and, on this basis, argues that holding a detention hearing is warranted. *Id.* at 3–5. The government opposes the motion. Dkt. 502. The District Court found that the information regarding Defendant's access to medical treatment

ORDER DENYING REQUEST TO REOPEN DETENTION
ORDER
PAGE -1

while incarcerated may not have been information that was available to Defendant at the time of his detention hearing, but referred to this Court the question of whether it has a "material bearing on the issue [of] whether there are conditions of release that will reasonably assure the appearance of [Defendant] as required and the safety of any other person and the community." 18 U.S.C. § 3142(f)(2).

The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby DENIES the motion for the reasons stated herein.

## PROCEDURAL AND FACTUAL BACKGROUND

On July 24, 2020, Defendant was indicted on the following counts: Conspiracy to Distribute Controlled Substances (Count 1), in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A); Possession with Intent to Distribute Methamphetamine (Count 2), in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A); and Conspiracy to Commit Money Laundering (Count 4), in violation of Title 18, United States Code, Section 1956(h). Dkt. 1.   He made his first appearance before the Honorable Brain A. Tsuchida on July 29, 2020, and the government filed a motion for detention, as well as an Omnibus Detention Motion.   Dkts. 90, 79.   On August 4, 2020, the defendant filed a Stipulation and Waiver of Detention Hearing.   Dkt. 131.   On August 6, 2020, the Honorable Mary Alice Theiler ordered the defendant detained pending trial and issued a detention order, stating:

> Defendant's criminal record includes a prior drug trafficking conviction

> from the Eastern District of Washington. After his release from prison, defendant was deported to Mexico. Defendant is alleged to be a leader of this drug conspiracy. He is a native and citizen of Mexico without legal status in the United States.

The Court noted that the Defendant was not contesting detention, and concluded that under 18 U.S.C. § 3142(f), "no condition or combination of conditions which defendant can meet will reasonably assure the appearance of defendant as required and the safety of other persons and the community." Dkt. 150.

On March 31, 2021, the Grand Jury returned a second superseding Indictment charging the defendant with the same counts, in addition to Possession with Intent to Distribute Methamphetamine and Heroin (Count 5), in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A). Dkt. 378. An order continuing detention was filed on April 1, 2021. Arraignment was held on April 15, 2021, and the defendant entered not guilty pleas. Dkt. 463. Trial is scheduled for October 4, 2021. *Id.*

### DISCUSSION

The Court may reopen a detention hearing "if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f)(2).

Assuming, as the District Court instructs, that the Defendant has demonstrated that the information regarding his alleged deficient medical treatment while detained was unknown to him at the time of his arrest, the Court considers whether that information is material to the

determination of risk of flight and danger to the community.

The United States typically bears the burden of showing that defendant poses a danger to the community by clear and convincing evidence, and it bears the burden of showing that a defendant poses a flight risk by a preponderance of the evidence. *United States v. Gebro*, 948 F.2d 1118, 1120 (9th Cir. 1991). However, the Bail Reform Act expressly provides that:

> [s]ubject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.) . . . or an offense under section 924(c) . . . of title 18 of the United States Code . . .
>
> 18 U.S.C. § 3142(e).

In this case, the Defendant does not challenge the findings of Magistrate Judge Mary Alice Theiler in the Detention Order that Defendant's criminal record included a prior drug trafficking conviction from the Eastern District of Washington, that because he was without legal status in the United States defendant was deported to Mexico after his release from prison, and that Defendant was alleged to be a leader of the drug conspiracy. Dkt. 150. The only change in circumstance alleged by Defendant is that his leg injury, which occurred prior to his arrest, requires medical treatment but that "nothing [is being] done about it". Dkt. 494 at 5. The medical record belies this contention. Although immediate access to potential surgical options may have been limited thus far by Defendant's detention, the record demonstrates an ongoing effort by BOP staff to address Defendant's medical needs, including pain management and referrals to specialists to assess surgical intervention options. For

ORDER DENYING REQUEST TO REOPEN DETENTION
ORDER
PAGE -4

example, just prior to filing this motion, Defendant reported that application of lidocaine patches left to him by a departing cellmate had given him significant relief from pain. Def. Sealed Exhibit 1 at 2. As a result, on April 27, 2021, the BOP physician instituted a trial of meloxicam, Tylenol and the lidocaine patches, and also requested his x-rays be updated. *Id*. at 8. During that visit, Defendant reported the pain associated with his leg fracture was "10/10 when putting full w[eigh]t on this leg, but 5/10 today." *Id*. at 3. On May 3, 2021, approximately a week later, Defendant reported that he was "very physically active and sometimes does burpies. He doesn't feel his pain hinders his xn [function.]" *Id.* at 2.

After Defendant filed his motion, on June 2, 2021, the BOP physician requested that Harborview reevaluate the Defendant's request for surgery on his leg and indicated that BOP would send over Defendant's complete record, including his recent x-rays. Government Sealed Exhibit 6 at 1. The BOP physician noted that if Harborview declined to accept the referral, he would seek a second opinion. *Id*. The record demonstrates that BOP have continued in their efforts to address Defendant's leg injury and associated pain. Defendant's assertions with regard to his medical treatment are not supported by the record and do not constitute a basis for reopening the detention hearing. Courts have rejected claimed medical needs as a basis for release. *See, e.g. United States v. Koenig*, 912 F.2d 1190, 1193 (9th Cir. 1990)("The evidence of a medical condition presented by Koenig does not indicate an emergency, or a condition that would necessarily inhibit flight").

The court further finds that Defendant's allegations do not rise to the level of being material to the issue of detention or release when considered in light of the facts relevant to

ORDER DENYING REQUEST TO REOPEN DETENTION
ORDER
PAGE -5

the 18 U.S.C. § 3142(g) factors[1] discussed below.

In its omnibus motion for detention, the government described the defendant as the leader of the drug trafficking organization, managing numerous other individuals in the distribution of methamphetamine in the Western District of Washington. Dkt. 79 at 6-9. According to the government, the Defendant was the intended recipient of large shipments of methamphetamine, including 78 pounds that was seized on June 5, 2020, at the United States-Mexico border. Intercepted communications detailed the Defendant's efforts to manage the processing of large amounts of methamphetamine for distribution at a Port Orchard location. When an individual was shot there, the Defendant instructed that the location be cleared of evidence of drug trafficking and asked his sister to change their phone numbers to evade law enforcement. Investigators subsequently seized the van used to clear out the location and recovered large amounts of methamphetamine in various stages of processing. *Id.* The government's motion further details the Defendant's alleged role in organizing the trafficking of firearms, and threats of violence to others. *Id*. at 8. Defendant is a citizen of Mexico. His criminal history includes a prior 2006 federal felony conviction in the Eastern District of Washington for Conspiracy to Distribute Cocaine (24 months' imprisonment and four years' supervised release).

---

[1] A Court deciding a detention issue is to consider the following factors: (1) the "nature and circumstances of the offense charged," (2) the "weight of the evidence against" the defendant, (3) the "history and characteristics" of the defendant, including his "character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings," and (4) "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g).

ORDER DENYING REQUEST TO REOPEN DETENTION
ORDER
PAGE -6

Defendant's criminal history, (involving a prior federal controlled substances felony), the nature and circumstances of the case (allegedly leading a significant drug trafficking organization in the processing and distribution of large amounts of methamphetamine, and related money laundering and firearms trafficking), and his connection to Mexico, establish that Defendant cannot overcome the presumption that he is both a risk of flight[2] and a danger to the community.

The motion is DENIED.

DATED this 14th day of June, 2021.

S. KATE VAUGHAN
United States Magistrate Judge

---

[2] Congress has determined that persons charged with major drug offenses often have the foreign ties and resources necessary to escape with ease, and intended magistrate judges to take account of the general rule that drug offenders pose a special risk of flight. *United States v. Rodriguez-Adorno*, 606 F. Supp. 2d 232, 241 (D.P.R. 2009)(internal citations omitted), citing *United States v. Fortna*, 769 F.2d 243, 251 (5th Cir.1985).

ORDER DENYING REQUEST TO REOPEN DETENTION
ORDER
PAGE -7