Judge Coughenour

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> ) <br> ALAN GOMEZ MARENTES, ) <br> ) <br> Defendant. ) | NO. CR20-092JCC <br><br> MOTION/MEMO FOR <br> TEMPORARY RELEASE <br><br> Noted: 12 Nov. 2021 <br> Oral argument requested |

**COMES NOW Alan Gomez Marentes,** by and through counsel Robert Goldsmith, and files this Motion for Temporary Release under 18 U.S.C. 3142(i), based on the following memorandum of law.

## PROCEDURAL HISTORY

On July 29, 2020, Alan Gomez Marentes first appeared before this court and pled not guilty to Counts 1, 2 and 4 of the Indictment, which charged conspiracy to distribute controlled substances, including methamphetamine, heroin and fentanyl; possession with intent to distribute methamphetamine; and conspiracy to commit money laundering, respectively. A superseding Indictment was filed later, but it did not change the Counts alleged against Gomez. The Government moved to detain Gomez and a

MOTION FOR TEMPORARY RELEASE - 1

**ROBERT W. GOLDSMITH**
*Attorney at law*
705 Second Ave.
Seattle, WA  98104
(206) 313-1780

hearing was set for August 5, 2020. On August 4, 2020, the defendant filed a Stipulation and Waiver of Detention Hearing. Dkt. 131. That waiver expressly stated: "he agreed to waive the detention hearing at this point and agree to detention, with the understanding that new developments or facts could present the possibility of re-opening the question of pre-trial detention." Dkt. 131 at p. 2 of 2.

Since Gomez waived his detention hearing, he has been detained at FDC Seatac since July 29, 2020.

On May 27, 2021, Gomez moved to re-open his detention hearing on the ground that his uncured medical problem (a mal-joined leg bone) had reached a point where FDC Seatac would do nothing to remedy it. After we filed that motion, on June 2, 2021, the BOP physician requested that Harborview reevaluate the Defendant's request for surgery on his leg and indicated that BOP would send over Defendant's complete record, including his recent x-rays. The next day in the Government's response (Dkt # 502) to Gomez's May motion, it argued in part that the medical problem Gomez had was still being addressed with a new referral to Harborview to explore surgery and that his condition was not so serious as to justify release. On June 14, 2021, (Dkt. # 514) the Court denied his request for release, relying in part on BOP's continuing efforts to deal with his problem.

At the time of that motion, trial was scheduled for October 4, 2021. On August 6, 2021, trial was continued until May 2, 2022. In practical terms, that means that Gomez is likely to be held for another year or more at FDC Seatac, if he is found guilty at trial. This is based on the time it takes to do a presentence report and a sentencing, and thereafter, placement at another institution, where his condition may be addressed or put on hold again.

**FACTUAL BASIS**

MOTION FOR TEMPORARY RELEASE - 2

**ROBERT W. GOLDSMITH**
*Attorney at law*
705 Second Ave.
Seattle, WA  98104
(206) 313-1780

On August 18, 2020, Gomez's X-Ray showed: "Old, malunited distal tibia and fibula fractures. 15° of medial angular deformity of the healed distal tibia and 13° of medial angular deformity of the healed distal fibula. Slight ventral angular deformity of both tibia and fibula on the lateral view." Post-traumatic osteoarthritis was also noted. Exhibit 1, FDC Seatac Medical Records, filed under seal, at p. 86 of 87.

On August 22, 2020, Gomez's medical record reflects "ongoing pain due to previous tibia and fibula fracture." Exhibit 1, at p. 80 of 87.

On September 21, 2020, Gomez's ongoing medical problem was described as follows: "35 yo male with recurring pain and instability in the LT lower leg; reports traumatic fracture a few years ago; had LT Tib/Fib surgery with subsequent infection. Xrays show 'old malunited distal tibia and fibula fractures. 15° of medial angular deformity of the healed distal tibia and 13° of medial angular deformity of the healed distal fibula. Slight ventral angular deformity of both tibia and fibula on the lateral view." Exhibit 1, at p. 25 of 87.

On October 28, 2020, Gomez complained of recurring pain in his lower left leg, which had the history of the malunion-healed fibular fracture, saying the pain is worse with cold temperatures recently. Exhibit 1, at p. 11 of 87.

Two days earlier, he was to be taken to an orthopedic surgeon but it did not happen as no US Marshal had been scheduled to escort him. Exhibit 1, at p. 14 of 87.

Eventually, on November 19, 2020, he was taken to Virginia Mason. There, it was noted that: "Apparently he was mistakenly shot in the left lower leg with an AK 47 last year and subsequently had an open reduction and internal fixation of a shattered leg and actually he got an infection afterwards and

MOTION FOR TEMPORARY RELEASE - 3

ROBERT W. GOLDSMITH
*Attorney at law*
705 Second Ave.
Seattle, WA 98104
(206) 313-1780

it went on to malunion. He ended up in California and went to see it sounds like a traumatologist down in California who recommended open reduction and internal fixation to straighten out his leg bone. Apparently he has some ankle arthritis as well that is posttraumatic in nature and they had talked about doing an implant arthroplasty versus just letting it be and seeing what happens, and they had decided to let it be. Subsequently, he has become incarcerated and he is wanting to get his leg fixed because it hurts pretty much all the time. It is at a bad angle and it puts a lot of strain on the outside of his leg." Exhibit 3, Virginia Mason medical records, at p. 2 of 3, filed under seal. Virginia Mason concluded that: "I reviewed his management options and sounds like they are talking about doing an IM nail and just kind of talked him through that whole process, but this probably is something that needs to be done by a traumatologist and I think the best place to send him would be over at Harborview Medical Center where they are more experience with these types of complex orthopedic traumas." Exhibit 3, at p. 3 of 3.

On December 14, 2020, it was noted that Gomez was: "Pending evaluation for surgery at Harborview medical center." Exhibit 1, at p. 4 of 87.

On January 3, 2021, Gomez complained of lower extremity pain. Exhibit 2 filed under seal, at p. 14 of 26.

On February 22, 2021, an orthopedic surgeon from "7 Corners" refused to see Gomez until he was out of prison; Virginia Mason was unable to treat his medical condition, as well. Exhibit 2, at p. 27 of 72.

On April 22, 2021, Gomez inquired about whether he would be taken to Harborview for an evaluation and surgery. He was informed that: ". . . BOP had approved his evaluation at Harborview but

MOTION FOR TEMPORARY RELEASE - 4

**ROBERT W. GOLDSMITH**
*Attorney at law*
705 Second Ave.
Seattle, WA 98104
(206) 313-1780

the harbor view surgeon denied his surgery request due to his being incarcerated. Therefore, health services was unable to proceed." Exhibit 2, at p. 23 of 72.

On April 27, 2021, his record indicates: "Mr. Gomez is 35 yr old male who was shot with an AK-47 in the lower left leg . . . He had an ORIF[1] procedure done that was subsequently complicated by infection and then malunion. A traumatologist in California recommended another ORIF to straighten his leg. However, he became incarcerated before this was done. While here at SET, he was sent to ortho for another consultation at Virgina Mason, which was forward to Harbor view for review. The traumatologist at Harbor view declined to operate on him while incarcerated." Exhibit 2, at p. 17 of 72.

On May 3, 2021, it was written that: "While here at SET, he was sent to ortho for another consultation at Virginia Mason, which was forward to Harbor view for review. The traumatologist at Harbor view declined to operate on him while incarcerated." Exhibit 2, at p. 10 of 72.

On May 26, 2021, a radiographic report confirmed: "progressive ankle pain and pain at top of his foot." Exhibit 2, at p. 62 of 72.

On June 2, 2021, as noted above, "Gomez's request for left leg surgery be reevaluated. Included in my email a request for a second opinion if Harbor View declines again to not accept my referral." Exhibit. 2, at p. 9 of 72.

June 28, 2021, his medical record reflects that he has to deal with the pain due to the malunion. Exhibit 2, at p. 6 of 72.

On August 6, 2021, the pain is still persisting and Gomez requests more Lidocaine patches.

---

[1] "Open reduction internal fixation" (ORIF) is a surgery to fix severely broken bones. It's only used for serious fractures that can't be treated with a cast or splint. These injuries are usually fractures that are displaced, unstable, or those that involve the joint." https://www.healthline.com/health/orif-surgery.

MOTION FOR TEMPORARY RELEASE - 5

Exhibit 2, at p. 5 of 72.

On September 9, 2021, Gomez wrote an email complaining that he could not walk in the morning due to his pain. He requested a cane, as his crutches were taken away since the pass expired. Declaration of Defendant, Exhibit 4, filed under seal, at p. 4 of 5.

On October 6, 2021, Gomez wrote an email indicating that his pain is getting worse and it is a 10 on a 0-10 scale at times. He said that he has had no medical attention to this, and has not received a cane yet. Exhibit 4, at p. 5 of 5.

On October 25, 2021, "He deals with pain in his left lower limb from GSW and this continues to interfere with sleep." Exhibit 2, at p. 2 of 72.

In consultation with a retired doctor, undersigned has learned that an ORIF surgery has a high risk of infection and hence requires hospitalization following surgery and very sanitary conditions post hospitalization. He speculated that the surgeon at Harborview would not agree to do the surgery because a quick return to the prison after a few days or even a week in the hospital would be too risky. As well, any immediate follow-up to any later incipient infection following hospitalization would be compromised by the complications and dilatoriness of incarceration.

It appears that at this juncture, Seatac FDC can do nothing further—other than temporary alleviation. It is a dead end with Gomez's problem 'managed,' but not cured. As we mentioned above, his problem will fester for another year, and it is likely to get worse.

**LEGAL BASIS FOR A TEMPORARY RELEASE**

Under 18 U.S.C. § 3142(i), the Court may grant defendant a temporary release "to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or

MOTION FOR TEMPORARY RELEASE - 6

for another compelling reason." *United States v. Boatwright*, --- F. Supp. 3d ---, 2020 WL 1639855 at *4 (D. Nev. Apr. 2, 2020) observed that "little guidance exists" concerning what qualifies as a "compelling reason" for temporary release, but that courts have granted motions when the detainee was suffering from a terminal illness or serious injuries, like gunshot wounds, as to which the Bureau of Prisons could not provide the required medical care.

A recent case in the context of COVID, noted that the "compelling reason" standard of 18 U.S.C. §3142(i) requires a "particularized finding of necessity," and thus a case-by-case' approach is the standard. *United States v. Stephenson*, 2020 WL 1811353 at *3 (W.D. Ky. Apr. 8, 2020); *United States v. Martinez-Espinoza*, 2020 U.S. Dist. LEXIS 93213 (S.D. Cal., May 28, 2020.)

In this case the record now shows that, without a temporary release so that the surgery and rehabilitation can be done, nothing will be done to correct his deformed leg and Gomez will be left to suffer. This history of temporary fixes provides a basis for finding a compelling reason—so that his pain and discomfort can be alleviated by surgical repair.

## CONCLUSION

Over the last 15 months, the uncured medical problem has reached a point where FDC Seatac can and will do nothing to fix it. This justifies a temporary release to correct the problem. What is more, continuing with no resolution amounts to cruel and unusual punishment. "The infliction of such unnecessary suffering is inconsistent with contemporary standards of decency as manifested in modern legislation." *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)(holding that denial of treatment for a prisoner's back injury violates the 8th Amendment.) Gomez's medical condition cannot and should not be kicked down the road further. At his point, there is a high likelihood that Gomez will be at FDC Seatac for

MOTION FOR TEMPORARY RELEASE - 7

**ROBERT W. GOLDSMITH**
*Attorney at law*
705 Second Ave.
Seattle, WA 98104
(206) 313-1780

another year with no resolution in sight.  This is neither civilized nor tolerable.  He should be released on conditions, including location monitoring, to get his leg fixed.

    Although he is undocumented, Alan Gomez moved to Washington State when he was very young, went to Juanita H.S., and resided here for most of his adult life.  He speaks fluent English as well.  His immediate family has resided in the Seattle area for over 20 years.  At this point, he has no interest in returning to Mexico. See Exhibit 4, Declaration of Defendant.  Gomez's brother, Ovet Garcia, has graciously offered to permit him to reside with him, his wife, and his two young children at his home in Kent, WA.  It is a three bedroom home and Ovet Garcia has owned it for ten years.  We can provide his contact information to U.S. Pretrial upon request.

    He can be placed on a strict location monitoring system.  Alternatively, he can be released to see the surgeon for one appointment to set up the date for surgery, and then released for surgery and the appropriate rehabilitation time to live with his brother Ovet.

Dated 4 November 2021.                                   Respectfully submitted,

                                                 /s/ R. Goldsmith
                                               Robert Goldsmith, WSBA #12265
                                               Email: Bobgoldsmith52@gmail.com
                                               Attorney for Defendant

MOTION FOR TEMPORARY RELEASE - 8

**ROBERT W. GOLDSMITH**
*Attorney at law*
705 Second Ave.
Seattle, WA  98104
(206) 313-1780

CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of Nov., 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent electronically to the Assistant U.S. Attorney, counsel of record for the Government.

DATED this 4th day of Nov., 2021

      /s/ R. Goldsmith
Robert Goldsmith, WSBA # 12265
Email: Bobgoldsmith52@gmail.com
Attorney for defendant

MOTION FOR TEMPORARY RELEASE - 9

**ROBERT W. GOLDSMITH**
*Attorney at law*
705 Second Ave.
Seattle, WA  98104
(206) 313-1780