UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) CASE NO. CR20-092JCC ) |
| v. | ) ) |
| ALAN GOMEZ MARENTES, | ) ORDER DENYING REQUEST FOR ) TEMPORARY RELEASE ) |
| Defendant. | ) ) |

This matter comes before the Court on Defendant's motion to for temporary release. Dkt. 589. The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby DENIES the motion for the reasons stated herein.

**PROCEDURAL AND FACTUAL BACKGROUND**

On July 24, 2020, Defendant was indicted on the following counts: Conspiracy to Distribute Controlled Substances (Count 1), in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A); Possession with Intent to Distribute Methamphetamine (Count 2), in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A);

ORDER DENYING REQUEST FOR TEMPORARY RELEASE
PAGE -1

and Conspiracy to Commit Money Laundering (Count 4), in violation of Title 18, United States Code, Section 1956(h). Dkt. 1. He made his first appearance before the Honorable Brain A. Tsuchida on July 29, 2020, and the government filed a motion for detention, as well as an Omnibus Detention Motion. Dkts. 90, 79. On August 4, 2020, the defendant filed a Stipulation and Waiver of Detention Hearing. Dkt. 131. On August 6, 2020, the Honorable Mary Alice Theiler ordered the defendant detained pending trial. On March 31, 2021, the Grand Jury returned a second superseding Indictment charging the defendant with the same counts, in addition to Possession with Intent to Distribute Methamphetamine and Heroin (Count 5), in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A). Dkt. 378. An order continuing detention was filed on April 1, 2021. On May 27, 2021, Defendant moved to re-open his detention hearing on the ground that his leg injury, which occurred prior to his arrest, required medical treatment that was not being provided at the Federal Detention Center (FDC). Dkt. 494. This Court denied that motion on June 14, 2021. Dkt. 514.

**DISCUSSION**

Temporary release may be granted if the Court determines that release is "necessary for preparation of the person's defense or for another compelling reason." 18 U.S.C. § 3142(i). A defendant bears the burden of establishing circumstances warranting temporary release under § 3142(i). *United States v. Terrone*, 454 F.Supp. 3d 1009, 1018 (D. Nev. 2020). The original grounds for detention remain a factor in the court's analysis. *United States v. Rhule*, No. 20-CR-105-JCC, 2021 WL 63250, at *4 (W.D. Wash. Jan. 7, 2021). The

relief authorized by § 3142(i) is to be used "sparingly." *United States v. McKnight*, 2020 WL 1872412 at *2-3, CR18-16-TSZ (W.D. Wash. April 15, 2020).

As the Court noted in the previous Order, the Court understands that Defendant has suffered ongoing pain from the injury and immediate access to potential surgical options may have been limited by Defendant's detention. However, the record continues to demonstrate continuing efforts by FDC staff to address Defendant's medical needs, including pain management, medical equipment including a cane, and use of a lower bunk. Dkt. 591, Exhibit 2 at 46-47, 50. Moreover, a physician at Harborview has twice reviewed Defendant's medical records and there is nothing in those responses to suggest that surgery is urgent. *See* Dkt. 597, Exhibit 1 at 4 ("the Dr. reviewed what I sent over and he doesn't feel it is urgent"); Exhibit 2 at 2 ("they state that after reviewing the records; the Dr still is willing to see him "once he is released""). Defendant refers to a consultation with an "retired doctor" regarding the medical risks if Defendant were to return to jail after surgery but provides no factual basis to support either the urgency of any surgery or the contention that Defendant's condition "is likely to get worse" in the absence of surgery. Dkt. 589 at 6. Defendant has not met his burden.

Defendant does not allege any change to the facts relevant to the Court's consideration of the 18 U.S.C. § 3142(g) factors[1]. As the Court previously found, Defendant's criminal

---

[1] A Court deciding a detention issue is to consider the following factors: (1) the "nature and circumstances of the offense charged," (2) the "weight of the evidence against" the defendant, (3) the "history and characteristics" of the defendant, including his "character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings," and (4) "the nature and seriousness of the danger to any person or

ORDER DENYING REQUEST FOR TEMPORARY RELEASE

PAGE -3

history, (involving a prior federal controlled substances felony), the nature and circumstances of the case (allegedly leading a significant drug trafficking organization in the processing and distribution of large amounts of methamphetamine, and related money laundering and firearms trafficking), and his connection to Mexico, establish that Defendant cannot overcome the presumption that he is both a risk of flight[2] and a danger to the community.

The motion is DENIED.

DATED this 16th day of November, 2021.

*S. Kate Vaughan* (signature)

S. KATE VAUGHAN
United States Magistrate Judge

---

the community that would be posed by the person's release." 18 U.S.C. § 3142(g).

[2] Congress has determined that persons charged with major drug offenses often have the foreign ties and resources necessary to escape with ease, and intended magistrate judges to take account of the general rule that drug offenders pose a special risk of flight. *United States v. Rodriguez-Adorno*, 606 F. Supp. 2d 232, 241 (D.P.R. 2009)(internal citations omitted), citing *United States v. Fortna*, 769 F.2d 243, 251 (5th Cir.1985).