THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>ALAN GOMEZ-MARENTES, *et al.*,<br><br>    Defendants. | CASE NO. CR20-0092-JCC<br><br>ORDER |

This matter comes before the Court on the Government's motions to continue trial and for leave to file an overlength brief (Dkt. Nos. 681, 682). Having thoroughly considered the briefing and the relevant record, the Court hereby GRANTS the motions for the reasons explained below.

In July 2020, the grand jury returned an indictment against nineteen defendants in this matter charging, *inter alia*, a conspiracy to distribute controlled substances. (Dkt. No. 1.) A superseding indictment added one defendant and a second superseding indictment added another defendant, along with additional conduct and charges. (Dkt. Nos. 152, 378.) All but two of the presently charged defendants have been arrested and all but one of those arrested is detained pending trial. (*See* Dkt. No. 682 at 11.)

The charges result from an 18-month multi-agency investigation into an alleged international conspiracy to distribute significant amounts of methamphetamine, heroin, and

ORDER
CR20-0092-JCC
PAGE - 1

fentanyl throughout Western Washington and beyond. (*Id.* at 2, 9 – 10.) The resulting discovery is significant, much of it requires translation, and some must be reviewed in person. (*Id.* at 5.) It includes more than 158,000 items produced to date and has required the appointment of an external discovery coordinator. (*Id.* at 6.) Production, which has been slowed by the COVID-19 pandemic, remains ongoing, as are plea negotiations for many of the defendants. (*Id.* at 7–8.) Trial is currently set for May 2, 2022. (*See* Dkt. No. 552.)

The Government seeks a continuance, citing the size and complexity of the case, the number of defendants, the volume of discovery, and uncertainty resulting from the ongoing pandemic. (Dkt. No. 682.)  According to the Government, eleven Defendants agree to a continuance, Defendant Edgar Luna-Garcia objects,[1] and the remaining Defendants express no opinion. (*Id.* at 1–2.) However, Defendant Luis Arturo Magana-Ramirez has since filed a brief in opposition. (Dkt. No. 687.) But he provides no argument. (*Id.* at 1.) The filing simply makes a record that he does not consent to waiving his speedy trial rights. (*Id.*)

The facts that support continuing the trial and excluding the resulting delay are set forth in the Government's motion to continue (Dkt. No. 682) and are summarized above. They include the following: (a) the number of defendants charged; (b) the nature of the prosecution, which involves a investigation into activities in multiple jurisdictions, culminating in months of surveillance; (c) the potentially significant sentences faced by Defendants as currently charged, (d) the volume of discovery, and (e) the need for defense counsel, some of whom were appointed very recently, to have an appropriate period to review discovery, consult with their clients, and prepare a defense. In addition, the Court notes that the COVID-19 pandemic has made it more difficult for counsel to consult with their clients, especially those who are incarcerated.

Having thoroughly considered the parties' briefing and the relevant record, the Court FINDS that the ends of justice served by granting a continuance outweigh the best interest of

---

[1] Mr. Luna-Garcia has not filed an opposition brief to the Government's motion.

ORDER
CR20-0092-JCC
PAGE - 2

Defendants and the public to a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). The reasons for this finding are:

    1.    Failure to grant the requested continuance would make the continuation of this case impossible and result in a miscarriage of justice, as set forth in 18 U.S.C. § 3161(h)(7)(B)(i);

    2.    Due to the factors articulated above, this case is sufficiently unusual and complex that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself based on the current trial date, as set forth in § 3161(h)(7)(B)(ii);

    3.    To the extent this case is not sufficiently unusual or complex, then, given that, among other things, the Government has yet to produce all discovery, a failure to grant a continuance would unreasonably deny the parties' counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence, as set forth in § 3161(h)(7)(B)(iv); and

    4.    In light of the factors discussed above, it is unreasonable to expect the parties to be ready to try this matter before October of 2022.

The Court further FINDS that the time between the current trial date and an October 24, 2022 trial date is a reasonable period of delay under § 3161(h)(6) that is excludable as to all defendants.

NOW, THEREFORE, IT IS HEREBY ORDERED as follows:

    1.    The Government's motion to file an overlength brief (Dkt. No. 681) is GRANTED. The issues addressed by the brief were sufficiently complex and substantial so as to warrant additional pages.

    2.    The Government's motion for a continuance (Dkt. No. 682) is GRANTED.

    3.    The current trial date is CONTINUED to October 24, 2022; pretrial motions are due ninety days prior to this date. Parties should consult the Court's Chambers Procedures posted on its website for detailed instructions regarding pretrial submissions and trial procedure.

4. The time from the date of this order until the October 24, 2022 trial date is an excludable period under 18 U.S.C. §§ 3161(h)(6) and (7)(A).

DATED this 28th day of February 2022.

John C. Coughenour
UNITED STATES DISTRICT JUDGE