THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR20-0092-JCC-1 |
| Plaintiff, | ORDER |
| v. | |
| ALAN GOMEZ-MARENTES, | |
| Defendant. | |

This matter comes before the Court on the Defendant's motion to continue sentencing (Dkt. No. 1130) and the Government's motion to seal (Dkt. No. 1134). Having thoroughly considered the briefing and the relevant record, the Court DENIES the motion to continue (Dkt. No. 1130) and GRANTS the motion to seal (Dkt. No. 1134) for the reasons described herein.

Defendant entered guilty pleas to Conspiracy to Distribute Controlled Substances and Conspiracy to Commit Money Laundering. (*See* Dkt. Nos. 378, 774, 775.) Sentencing was originally set for September 27, 2022, but has been continued on numerous occasions, largely at Defendant's request. (*See* Dkt. Nos. 772, 888, 978, 999, 1049, 1058.) The sentencing date is now approaching, and Defendant again requests a continuance, citing a need to remain at FDC-SeaTac to avail himself of local medical treatment. (*See* Dkt. No. 1130 at 2–4.)

But Defendant provides the Court with no evidence (a) to confirm that he would, in fact, obtain this treatment should he remain at FDC-SeaTac, or (b) that it could not be performed at

ORDER
CR20-0092-JCC-1
PAGE - 1

1 another location or on a later date. (*See generally id.*) If anything, Defendant's medical records suggest a delay in treatment, while not optimal, would not result in a deleterious medical outcome. (*See* Dkt. No. 1135.) For this reason, the Court cannot support another significant continuance. However, the Court will permit a week-long delay for scheduling purposes.

As to the Government's motion to seal (Dkt. No. 1134), while the public has a common law right to inspect and copy public records, including those from judicial proceedings, these rights are not absolute. They must yield when (1) sealing a document serves a compelling interest, (2) that is substantially likely to be harmed if the document is not sealed, and (3) there are no less restrictive alternatives for protecting the interest. *See United States v. Doe*, 870 F.3d 991, 998 (9th Cir. 2017). Given the nature of the Government's submission, the Court concludes that these criteria are met here.

Accordingly, Defendant's motion to continue (Dkt. No. 1130) is DENIED and the Government's motion to seal (Dkt. No. 1134) is GRANTED. The Clerk is DIRECTED to maintain Docket Number 1135 under seal. Defendant's sentencing hearing is hereby RESET to December 19, 2023.

DATED this 7th day of December 2023.

*[signature]*

John C. Coughenour
UNITED STATES DISTRICT JUDGE